UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MORRISON URENA, L.C., FKA THE LAW OFFICE OF RAFAEL URENA AND THE LAW OFFICE OF CURTIS MORRISON<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE, OFFICE OF INFORMATION PROGRAMS AND SERVICES,<br><br>Defendant. | Case No. 21-cv-2645<br><br>**COMPLAINT** |

## INTRODUCTION

This lawsuit challenges Defendant U.S. Department of State, Office of Information Programs and Services' refusal to reveal information related to the administration of the 2020 Diversity Visa Lottery. In the wake of the COVID-19 pandemic, U.S. embassies around the world closed and former President Donald J. Trump issued Presidential Proclamation 10014 (hereafter "PP10014"). This suspended entry of immigrants to the United States to the detriment of countless families, employers, and American citizens who benefit from the diverse skills, qualifications, and perspectives that immigrants bring to the United States. The 2020 fiscal year Diversity Visa Lottery winners included doctors and nurses working on the frontlines of the pandemic, successful business people, people fleeing persecution, and children with boundless potential. They passed rigorous merit and security checks and qualified for a unique and coveted path to the American dream.

Diversity Visa Lottery 2020 ("DV 2020") winners were uniquely impacted by these circumstances. Those who did not receive immigrant visas before the statutorily mandated deadline of September 30, 2020 (the end of the fiscal year) lost a once-in-a-lifetime opportunity to immigrate to the United States due to factors beyond their control. Many DV 2020 winners tried to avail themselves of this opportunity at the risk of their own safety, relocating to cities near U.S. embassies outside of their home countries and hoping to have their immigrant visa interviews. Many sold everything they owned, betting everything on the American dream they were promised, and did so understanding the grave dangers of returning home emptyhanded.

Despite the time-sensitivity of the issue, Defendant failed to provide any information as to whether or how it would accommodate DV 2020 winners. In light of this disturbing lack of transparency, Plaintiff filed a FOIA Request seeking any internal guidance, orders, memos, emails, or flowcharts regarding the impact of COVID-19 and related directives on the administration of the DV 2020 program. Morrison Urena, L.C. is an immigration law firm that advocates on behalf of Diversity Lottery winners around the world. Under FOIA, Defendant had twenty days to respond to Plaintiff's request. Despite the statutory timeline and the significant public interest of this request, Defendant has yet to provide a response, over one year after the initial request was filed. Morrison Urena, L.C. now files this suit to compel Defendant to produce responsive records immediately. In doing so, Morrison Urena, L.C. seeks to provide public clarity regarding the administration of the DV 2020 program to ensure appropriate accountability.

## JURISDICTION & VENUE

1. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) (FOIA) and 28 U.S.C. § 1331 (federal question).

2. This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. §§ 2201-2202, and Federal Rules of Civil Procedure 57 and 65.

3. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff Morrison Urena, L.C. (f/k/a The Law Office of Rafael Urena and the Law Office of Curtis Morrison) is an immigration law firm in the United States. Morrison Urena, L.C. advocates on behalf of Diversity Lottery winners around the world, as well as plaintiffs who have been separated from family members due to discriminatory travel bans.

5. Defendant U.S. Department of State, Office of Information Programs and Services has custody and control of the specific agency records requested by Plaintiff pursuant to FOIA. The U.S. Department of State, Office of Information Programs and Services is an agency within the meaning of FOIA, 5 U.S.C. § 552(f).

## FACTUAL ALLEGATIONS

6. In March 2020, the early days of the COVID-19 pandemic, U.S. embassies worldwide suspended routine immigrant visa operations.

7. On April 22, 2020, former President Donald J. Trump issued Presidential Proclamation 10014, which suspended entry of immigrants to the United States. PP10014 was extended through Presidential Proclamation 10052 ("PP10052") until its rescission on February 24, 2021.

8. Additional presidential proclamations related to regional travel bans suspended the processing of immigrant visa applications in the DV 2020 program and unlawfully withheld the issuance of immigrant visas to eligible applicants.

9. Per the Immigration and Nationality Act, a diversity visa winner is only entitled to apply for an immigrant visa during the fiscal year for which their entry was submitted. INA § 204(a)(1)(I)(ii)(II).

10. By statute, DV 2020 lottery winners must have their visas adjudicated and issued before midnight on the last day of the fiscal year. The diversity visa program restarts each year, so diversity visas may not be issued after midnight on September 30 of the fiscal year of the selection. 8 U.S.C. §§ 1153(c)(1), 1154(a)(1)(I)(ii)(II); 22 C.F.R. § 42.33(a)(1)(d); see also 31 U.S.C. § 1102.

11. If a diversity visa is not timely issued, it is lost forever.

12. Despite the time-sensitivity of the issue, Defendant failed to provide any information as to whether or how it would accommodate DV 2020 winners. In light of this disturbing lack of transparency, Plaintiff filed a FOIA Request seeking any internal guidance, orders, memos, emails, or flowcharts regarding the impact of COVID-19 and related directives on the administration of the DV 2020 program.

13. Plaintiff filed a FOIA request on May 27, 2020. Exhibit A, *Electronic Submission*.

14. 67 days elapsed with no substantive reply from Defendant. On August 2, 2020, Plaintiff requested a status update from Kellie N. Robinson, FOIA Program Manager/FOIA Public Liaison via email. Exhibit B, *Email Correspondence*.

15. On August 20, 2020, 85 days after Plaintiff's initial FOIA request, Ms. Robinson replied. Ms. Robinson attributed the delay to "a backlog of requests," and stated that the

"Department's ability to acknowledge receipt, and process documents in response to requests or appeals ha[d] been greatly diminished." *Id*.

16. Ms. Robinson did not provide a timeline for completion of the review process, nor did Ms. Robinson suggest that Plaintiff limit the scope of the request to facilitate completion of the review process. *Id*.

17. Defendant has not provided Plaintiff with any additional updates or estimated timeline for completion since August 20, 2020, over one year later.

18. Morrison Urena, L.C. is an immigration law firm that advocates on behalf of Diversity Lottery winners around the world. Under FOIA, Defendant had twenty days to respond to Plaintiff's request. Despite the statutory timeline, the significant public interest of this request, and the collateral consequences of the U.S. government's failure to timely issue these immigrant visas, Defendant has yet to provide a response. Morrison Urena, L.C. now files this suit to compel Defendant to produce responsive records immediately. In doing so, Morrison Urena, L.C. seeks to provide public clarity regarding the administration of the DV 2020 program to ensure appropriate accountability.

19. Plaintiff Morrison Urena, L.C. has the capacity and intent to disseminate widely the requested information to the public. Morrison Urena, L.C. is a prominent law firm and well-known internationally for its advocacy on behalf of DV lottery winners. Plaintiff is in constant contact with DV lottery winners and applicants through a substantial social media following and is well-equipped to provide public access to released documents and work with media outlets to disseminate any responsive materials.

## CLAIM FOR RELIEF

### Violation of Freedom of Information Act
### (Failure to Provide Timely Response to FOIA Request)

20. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

21. Defendant is obligated under 5 U.S.C. § 552(a)(3) to "promptly" make available agency records requested by any person.

22. Under 5 U.S.C. § 552(a)(6)(A)(i), Defendant must decide within 20 days of a request whether the agency will produce responsive documents.

23. An extension of this timeline is permitted only "[i]n unusual circumstances" where the agency provides "written notice." Such notices allow the agency to extend the response deadline for ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i): *see also, e.g., Hajro v. U.S. Citizenship & Immigration Servs.*, 881 F. 3d 1086, 1092 (9th Cir. 2016) ("The statutory time limits require an agency to determine within twenty days whether to comply with a FOIA request or, in the alternative, notify the requester of any 'unusual circumstances' requiring an extension in responding to the request.").

24. In this context, "unusual circumstances" means:

> (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;
> (II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or
> (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein. 5 U.S.C. § 552(a)(4)(B)(iii)(I-III).

25. Defendant has not provided an explanation of unusual circumstances which fall under the statutory definition.

26. In unusual circumstances, the time limits may be extended by written notice, which must "set[] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days, except as provided in clause (ii) of this subparagraph." 5 U.S.C. § 552(a)(4)(B)(i)

27. In unusual circumstances where the extension exceeds ten working days,

> the agency shall notify the person making the request if the request cannot be processed within the time limit specified in that clause and shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request. 5 U.S.C. § 552(a)(4)(B)(ii).

Defendant has provided no such timeline or suggested that Plaintiff limit the scope of the request.

28. On August 20, 2020, 85 days after Plaintiff's initial FOIA request, Defendant replied through Kellie N. Robinson, FOIA Program Manager/FOIA Public Liaison. Ms. Robinson attributed the delay to "a backlog of requests," and stated that the "Department's ability to acknowledge receipt, and process documents in response to requests or appeals ha[d] been greatly diminished." Exhibit B, *Email Correspondence*. Ms. Robinson did not provide a timeline for completion of the review process, nor did Ms. Robinson suggest that Plaintiff limit the scope of the request to facilitate completion of the review process.

29. As of the date of filing, over one year later, Defendant has not provided a response to Plaintiff.

30. Plaintiff has exhausted its administrative remedies by making its requests and waiting twenty days for a response. 5 U.S.C. § 552(a)(6)(C); *Hajro*, 811 F.3d at 1092.

31. Accordingly, Defendant has violated the Freedom of Information Act, and Plaintiff is entitled to relief requiring the agency to immediately provide a response to its request and production of records that the agency plans to release.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

a. Assume jurisdiction over this matter;

b. Order Defendant to immediately produce all corresponding documents and records responsive to Plaintiff's FOIA Requests;

c. Award Plaintiff attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E) and on any other basis justified under the law; and

d. Grant any other or further relief that this Court deems just and proper.

DATED: October 8, 2021.

/s/Curtis Lee Morrison
Curtis Lee Morrison, CA BAR #321106
Email: curtis@curtismorrisonlaw.com

**MORRISON URENA, L.C.**
P.O. Box 80844
Rancho Santa Margarita, CA 92688
(714) 661-3446